IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| PONEIL CARRUTH,<br>          Petitioner<br><br>VS.<br><br>HUGH SMITH, WARDEN,<br><br>          Respondent | NO. 3: 06-CV-22 (CDL)<br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

On May 2, 2006, respondent HUGH SMITH, Warden, filed a motion to dismiss petitioner PONEIL CARRUTH's federal habeas corpus petition for lack of exhaustion and failure to state a claim for federal habeas corpus relief. Specifically, Smith alleges that Carruth has never sought review of his state convictions in the state courts as required by ***Rose v. Lundy***, 455 U.S. 509 (1982). Petitioner Carruth has been advised of his duty to respond to the respondent's motion and has been provided ample opportunity to respond to respondent Smith's contentions. *See* Tabs #9, #13, #20, and #25.

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." ***Picard v. Connor***, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), (citing ***Ex Parte Royall***, 117 U.S. 24l, 6 S.Ct. 734, 29 L.Ed. 868 (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c). The requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." ***Wilwording v. Swenson***, 404 U.S. 249, 250, 92 S.Ct. 407, 408-409, 30 L.Ed.2d 418 (1971) (*quoting* ***Fay v. Noia***, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963)).

The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." **Duckworth v. Serrano**, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981). It has also been emphasized that the federal claim "must be fairly presented to the state courts." **Picard v. Connor**, supra, 404 U.S. at 275, 92 S.Ct. at 512.

Petitioner Carruth's contends that the state process is either unavailable or ineffective to protect his rights. Tab #22. The respondent concedes that the petitioner's appeal has been unduly delayed but asserts that the state process is again running with respect to the petitioner's appeal, Carruth having been granted a hearing on August 18, 2006 on his motion for a new trial. Petitioner will have the opportunity to contest any adverse decision in the state courts. After a review of the entire docket, it is apparent that the state has not had an opportunity to review the petitioner's conviction on appeal, and although the delay in state proceedings was inordinate, the petitioner is currently actively involved in the state appeals process where his contentions can be heard.

Accordingly, IT IS RECOMMENDED that the respondent's motion to dismiss the petition for the petitioner's failure to exhaust his state remedies be GRANTED and that the petitioner's petition for federal habeas corpus relief therefore be DENIED *without prejudice*[1] so that the petitioner may refile his federal habeas corpus petition once he has exhausted his state remedies, provided all other requirements of law have been satisfied.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 24th day of OCTOBER, 2006.[2]



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Dismissals of federal habeas corpus petitions for lack of exhaustion of state remedies are always without prejudice.

[2] This recommendation shall be considered dispositive of any motions pending herein.